UNITED STATES, Appellant

v

EVERETT E. KNOWLES, Private First Class,
U. S. Army, Appellee

15 USCMA 404, 35 CMR 376

No. 18,410

May 21, 1965

Captain Anthony L. Tersigni argued the cause for Appellant, United States. With him on the brief was Lieutenant Colonel Francis M. Cooper.

Captain Francis R. Jones argued the cause for Appellee, Accused. With

him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Martin S. Drucker.*

## Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty before a general court-martial in Hawaii, the accused was convicted of two specifications alleging the taking of indecent liberties with a minor by communicating obscene language over the telephone, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. A board of review modified the findings of guilty on the ground the specifications alleged no more than communicating obscene language, in violation of Article 134 of the Uniform Code, supra, and reduced the sentence to limits appropriate to the modified findings of guilty. Under Article 67(b)(2) of the Uniform Code, supra, 10 USC § 867, The Judge Advocate General of the Army asked this Court to review the record of trial on the following issue:

Was the board of review correct in holding that the specifications do not state the offense of taking indecent liberties with a child?

The Uniform Code of Military Justice does not separately prohibit the offense of taking indecent liberties with a minor. However, the act can be found by a court-martial to be conduct to the discredit of the armed forces, in violation of Article 134. The limits of the offense are discussed in general terms in paragraph 213d(3) of the Manual for Courts-Martial, United States, 1951. The Manual also provides a form specification for the offense. Appendix 6c, Form 146, at page 491. In United States v Brown, 3 USCMA 454, 13 CMR 10, we observed that, while the Manual discussion of the offense indicates the prohibited conduct in the military is broader in scope than that proscribed in several states by a similarly-named offense, its delineation of the elements of the offense is supported by the statutory approach in the District of Columbia and the position of a substantial number of states. Our analysis of the offense led us to conclude the Manual correctly indicated that the

military offense did not require direct physical contact between the victim and the wrongdoer. We pointed out that "the injury to the child and the consequential damage to society from the performance of a depraved act in his presence are just as great as when there is an actual physical contact between the performer and the child." *Id.,* at page 457.

As appears from the quoted passage of our opinion, as well as from the overall analysis of the offense, we left no doubt in the *Brown* case that the conduct of the accused must be in the presence of the victim. The act, we said, must be "practiced on minors or committed in their presence." *Id.,* at page 457. The board of review below properly noted that nothing in each of the several cases cited by the Government to support the sufficiency of the specifications in this case detracts from the requirement of presence. In all these cases, the accused was in the actual physical presence of the victim. Thus, United States v Riffe, 25 CMR 650, petition denied, 9 USCMA 813, 25 CMR 486, dealt with a face to face indecent proposal to the child; United States v Daniel, 26 CMR 894, petition denied, 10 USCMA 666, 27 CMR 512, petition for reconsideration denied, 10 USCMA 670, involved an accused who, while pointing to a personal part of his body, made an obscene remark to the child; and in United States v Childers, 31 CMR 747, petition denied, 13 USCMA 686, 32 CMR 472, the accused made certain remarks to a seven-year-old girl about personal parts of her body, and at the same time held his hand in close proximity to a part of his own anatomy. State cases cited by the Government which construe statutes defining the offense of uttering obscene language in the presence of a female as including a communication over the telephone are inapposite. These decisions specifically rest upon the language of particular statutes. The offense before us re-

**405**

quires greater conjunction of the several senses of the victim with those of the accused than that of hearing a voice over a telephone wire. We leave for such time as it may be directly before us consideration of whether the offense is committed by performance of indecent acts and the use of obscene language over an audio-visual system. In this case, the specifications are insufficient to state the offense of taking indecent liberties with a minor.

The certified question is answered in the affirmative; and the decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.