**UNITED STATES, Appellee,**

v.

**Sergeant First Class Verryn V. HARPER, 570–66–8778, United States Army, Appellant.**

**ACMR 8700425.**

U.S. Army Court of Military Review.

4 March 1988.

---

1. For sentences adjudged prior to 31 May 1951, a month consisted of 30 days. AR 633–30, paragraph 12.

For Appellant: Major Russell S. Estey, JAGC, Captain Stephen W. Bross, JAGC, Captain Lida A. S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before HOLDAWAY, De GIULIO and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Contrary to his pleas, a general court-martial found appellant guilty of one specification of indecent liberties with children and two specifications of indecent acts with a child. He was sentenced to a dishonorable discharge, confinement for one year and six months, forfeiture of all pay and allowances and reduction to Private E-1. The convening authority approved the sentence.

Appellant alleges five errors. Only three merit discussion. He alleges that the military judge improperly instructed the court on the elements of the offense of indecent liberties and that the military judge erred to appellant's prejudice by failing to redact references to a bar to reenlistment in a prosecution exhibit after ruling that the bar to reenlistment was inadmissible. He further alleges that the record of trial is incomplete due to a missing appellate exhibit used by the military judge to determine the admissibility of unredacted documents. We agree that the military judge improperly instructed the court but disagree with the other allegations of error.

The offenses arose during a birthday party given by appellant for his daughter. The appellant's daughter and several of her friends who attended the party were under the age of sixteen. Having been asked by one of the children to show "nasty movies," appellant placed a movie cassette in a video cassette recorder (VCR) and started the movie. Appellant watched the movie for sufficient time to recognize it and stated, "That's the one." Appellant also stated that the movie was "good education." He then left the room while the children watched the remainder of the movie. The movie depicted several acts of sodomy and sexual intercourse. After about one-half hour appellant returned, turned off the VCR and told the children to go to bed.

At trial the military judge changed the instruction for indecent liberties because he felt that physical presence was not necessary in order to commit the offense. He deviated from the Benchbook and advised the court:

> [T]he fifth element is that the pornographic video tape in question was shown to the alleged victims in question, by affirmative acts of the accused of either giving his consent to have the tape brought from his bedroom for the purpose of it being shown or actually inserting the tape in the VCR and starting the movie in question and with the accused's express knowledge of the pornographic content of the video tape in question.[1]

■ We have little doubt that, under the proper circumstances, the showing of pornographic video tapes to children under the age of sixteen constitutes the offense of indecent liberties. In *United States v. Scott*, 21 M.J. 345 (C.M.A.1986), the Court of Military Appeals held that showing children pornographic magazine pictures constituted the offense of indecent liberties. The Court stated, "Even though we are unaware of a case where an accused has been convicted of taking indecent liberties because of showing a child pornographic [footnote omitted] pictures, the policy of protecting the morals of children is so strong that we believe it permits such result [footnote omitted]." *Id.* at 349. In *United States v. Knowles*, 35 C.M.R. 376, 378 (C.M.A.1965), the Court of Military Appeals stated, "We leave for such time as it may be directly before us consideration of whether the offense is committed by performance of indecent acts and use of obscene language over an audio visual system." Application of *Scott* to the facts before us, *i.e.*, showing pornographic video tapes to children, leads us to answer the question left open in *Knowles* in the affirmative. Thus we hold that indecent lib-

erties with children can be committed by the performance of indecent acts and the use of indecent language over an audio-visual system.

■ An additional issue exists, however, in the case before us. Here, the military judge excluded the element requiring the physical presence of the appellant. An accused's presence is a necessary element of the offense.[2] *United States v. Knowles*, 35 C.M.R. 376 (C.M.A.1965). The failure of the military judge to instruct the court on that element was error.

■ The remaining allegations of error which will be discussed involve the admissibility of personnel records indicating that appellant had been barred from reenlistment into the Army. During the sentencing portion of the trial, the military judge properly refused to admit into evidence a bar to reenlistment as a prosecution exhibit. The exhibit was a copy of a form on which the section for review by the battalion commander was not completed. Subsequently, the prosecution offered appellant's Enlistment Qualification Record and Personnel Qualification Record which contain entries that appellant was not qualified to reenlist. Defense objected to these documents requesting that the entries be redacted and claiming the prosecution was attempting to "back door" otherwise inadmissible evidence. *See United States v. Brown*, 11 M.J. 263 (C.M.A.1981). The military judge asked to see appellant's personnel file and examined it. He stated, "Well, I am satisfied by looking at the file that the bar was imposed. There is a copy of the letter of admonition in here reminding the accused that the bar was imposed." He admitted the documents without redacting the entries. The personnel file was not attached to the record of trial as an exhibit. Thus it is alleged that the record is incomplete due to the missing appellate exhibit.[3] We disagree. Insubstantial omissions in a record of trial do not prevent characteriz-

1. The military judge substituted this statement for the following element: "That the accused committed the act in the presence of (state the name of the alleged victim)." DA Pam 27–9, Military Judges' Benchbook, para 3–156 IIb(5) (1 May 1982) (Cl, 15 Feb.1985).

2. The nature of the presence, actual or constructive, is not addressed by this opinion.

3. We are somewhat perplexed at the government's position that they cannot address the issues concerning the admissibility of this document until the record is returned to the con-

ing a record as complete. *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A.1981). It has been held that an omission of a topographical chart depicting the location of a victim's body where location was clearly established by testimony was not substantial. *United States v. Burns*, 46 C.M.R. 492 (N.C.M.R.1972). *See also United States v. Baker*, 21 M.J. 618 (A.C.M.R. 1985), *petition denied* 22 M.J. 89 (C.M.A. 1986) (lack of appellate exhibit concerning written question by member not a substantial omission). In the case before us we can ascertain from the military judge's comments that he examined a letter of reprimand which reminded appellant that he was no longer qualified for reenlistment. We are satisfied, as was the military judge, that the bar to reenlistment was properly imposed. We hold, therefore, that the failure to attach the appellant's personnel records as an appellate exhibit was not a substantial omission. We hold that the record was complete. It is noted that although the copy of the bar to reenlistment offered by the prosecution was properly rejected by the court, other documents and methods are available to prove the disqualification. We further hold that the military judge was not required to redact the entries.

The remaining assignments of error, to include those raised personally by appellant, are without merit.

The findings of guilty of Specification 1 of the Charge are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence is affirmed.

Chief Judge HOLDAWAY concurs.

Judge CARMICHAEL took no part in the decision of this case.

vening authority for a certificate of correction, even after ordered to do so by this court. The government attempted to have the document admitted as an appellate exhibit. We denied the motion because the records were accompanied by neither an authenticating certificate nor an affidavit in lieu of a correcting certificate. *See* Manual for Courts-Martial, United States, 1984, Military Rule of Evidence 902; *United States v. Roberts*, 22 C.M.R. 112 (C.M.A.1956).