### UNITED STATES

v.

**Staff Sergeant Gery B. COOK,
United States Air Force.**

ACM 35565.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 10 Feb. 2003.

16 Aug. 2005.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, and Major Andrea M. Gormel.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Robert V. Combs, and Major Michelle M. McCluer.

Before STONE, SMITH, and MATHEWS, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

The appellant was tried at Osan Air Base (AB), Republic of Korea, by a military judge sitting as a general court-martial. In accordance with his pleas, the appellant was convicted of four specifications of attempted indecent liberties with a child in violation of Article 80, UCMJ, 10 U.S.C. § 880,[1] and one specification of wrongfully and knowingly possessing visual depictions of a minor engaging in sexually explicit conduct in violation of Article 134, UCMJ, 10 U.S.C. § 934. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E–1.

On appeal, the appellant asserts four errors:

I. Whether the military judge erred when she created a "constructive" presence in lieu of the element of physical presence of the charge of attempted indecent liberties with a minor.

II. Whether the military judge abused her discretion when she denied appellant an expert consultant in the field of psychiatry to assist the defense in the preparation of the defense case for sentencing.

III. Whether specifications 4 and 5 of Charge I should have been merged for findings as they were for sentencing.

IV. Whether appellant's plea of guilty to possessing child pornography in violation of Article 134, UCMJ, should be set aside in light of *Ashcroft v. Free Speech Coali-* *tion,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).

The issue of constructive presence, in the context of attempted indecent liberties, is one of first impression for this Court and is the only assigned error we address in detail. Finding no error, we affirm the findings and sentence.

### Background

At the time of the alleged offenses, the appellant was in his first month of a one-year remote tour at Osan AB. In his off-duty time, the appellant visited pornographic Internet sites and related chat rooms. Chat rooms are online meeting places for Internet users, typically accessible either in an open forum where all other users can read messages as they are typed, or in a private exchange with an individual user. *United States v. Johnson,* 376 F.3d 689, 691 (7th Cir.2004).

On 21 March 2002, a Beaufort County, North Carolina, Sheriff's Office investigator, Robert Clark (Investigator Clark), was attending a computer crime investigators' certification program. As part of a "hands on" exercise, he created an e-mail account for a fictitious 14–year–old girl he named Karen Poliakoff ("KP"). Investigator Clark logged onto a chat room called "Teen Factory," appearing to others as <Karen14>. The appellant also logged onto "Teen Factory," using the name "naked—stud." He came across <Karen14>, saw "she" was logged on, and started communicating with "KP." During the chat room exchange, the appellant identified himself as "Gery." He told her he worked on computers and was in the Air Force.

The appellant e-mailed "KP" two naked photos of himself posing with his penis erect. Investigator Clark informed agents with the Air Force Office of Special Investigations (AFOSI) at Seymour Johnson Air Force Base (AFB), North Carolina, about what was transpiring. The AFOSI at Seymour Johnson AFB passed the information to the AFOSI detachment at Osan AB. The case agent at Osan AB, Special Agent (SA) Darren Spa-

---

1. The appellant was acquitted of one specification of attempted sodomy with a person under 16 years of age, also charged as a violation of Article 80, UCMJ.

no, coordinated a plan with Investigator Clark that "KP" would introduce the appellant to another fictitious 14–year–old female, Jennifer McGinnis ("JM"). "JM" actually was SA Spano. The cover story was that "JM" was the daughter of an active duty Army major about to be reassigned to Korea.

The appellant and "JM" began to correspond on about 12 April 2002, and they continued to do so until about 2 June 2002. On 1 May, the appellant e-mailed "JM" a nude picture of himself posing with his penis erect. The appellant and "JM" exchanged a number of e-mails between 16 April 2002 and 1 June 2002. At one point, "JM" sent the appellant a picture purporting to be of herself as an e-mail attachment.

Believing that "JM" had arrived in Korea with her family, the appellant developed a plan to meet "JM" at Osan AB. On 2 June 2002, SA Spano apprehended the appellant near the designated rendezvous point. The appellant was interviewed and made two written statements. Apart from admitting aspects of the virtual relationship he had with "KP" and "JM," he also admitted to having about 30 pictures of underage children, some nude and some having sex. AFOSI agents retrieved 17 picture files and 6 movie files from the hard drive of the appellant's personal computer.

Prior to announcing her findings, the military judge asked counsel for both sides for their views on the indecent liberties presence requirement. The trial counsel, citing United States v. Harper, 25 M.J. 895 (A.C.M.R. 1988), argued that constructive presence could amount to physical presence, particularly given the "real time" nature of the communications between the appellant and "KP" and "JM." The trial defense counsel concurred with the trial counsel, so we review for plain error. See generally United States v. Powell, 49 M.J. 460, 465 (C.A.A.F. 1998); Article 59(a), UCMJ, 10 U.S.C. § 859(a).

### Attempted Indecent Liberties

The President has made the offense of indecent liberties with a child punishable under Article 134, UCMJ. The elements of the offense are that the accused committed a certain act; the act amounted to the taking of indecent liberties with a certain person; the accused committed the act in the presence of this person; that this person was under 16 years of age and not the spouse of the accused; that the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and, that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. Manual for Courts–Martial, United States (MCM), Part IV, ¶ 87b (2002 ed.).

The Manual explains that the liberties "must be taken in the physical presence of the child, but physical contact is not required.... An indecent liberty may consist of communication of indecent language as long as the communication is made in the physical presence of the child." Id. at ¶ 87c(2).

The appellant was charged with attempting to take indecent liberties with a child, not actually taking indecent liberties with a child. In a prosecution under Article 80, UCMJ, the government must prove that the accused had the specific intent to commit a certain offense. Id. at ¶ 4c(1). Obviously, the government need not prove every element of the offense attempted beyond a reasonable doubt, because Article 80, UCMJ, criminalizes conduct that generally does not result in a consummated offense.

The question, then, is how significant is the indecent liberties presence element to a prosecution under Article 80, UCMJ. In essence, Article 80, UCMJ, requires the specific intent to commit a crime and a substantial step toward commission of that crime. United States v. Brooks, 60 M.J. 495 (C.A.A.F.2005); United States v. Byrd, 24 M.J. 286, 290 (C.M.A.1987). Cf. State v. Every, 157 N.C.App. 200, 578 S.E.2d 642, 647 (2003) ("Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial."); Dennard v. State, 243 Ga.App. 868, 534 S.E.2d 182, 186 (2000) ("[T]he mere fact that physical presence is an element of the completed crime does not mean that it is indis-

pensable in proving criminal attempt. The relevant question is whether the acts alleged in the indictment constitute a substantial step toward the commission of the crime."). It is abundantly clear from the record that the appellant had the specific intent to engage in conduct designed to gratify his lust, passions, or sexual desires—the gravamen of the indecent liberties offense. *MCM*, Part IV, ¶ 87b(2)(e). Further, he admitted to committing overt acts that amounted to more than mere preparation by e-mailing nude pictures of himself to the purported minors and engaging in real-time, sexually explicit, electronic conversations with them over the Internet.

The appellant contends it was factually impossible for him to commit indecent liberties, because the "victims" were not 14–year-old girls. He also contends that it was legally impossible for him to commit indecent liberties, attempted or consummated, because the presence requirement cannot be satisfied by "constructive" presence. Those contentions are not persuasive, because, "in military justice, impossibility—whether of law or fact—is no defense in a prosecution for conspiracy or attempt." *United States v. Valigura*, 54 M.J. 187, 189 (C.A.A.F.2000) (citing *United States v. Thomas*, 32 C.M.R. 278, 1962 WL 4490 (C.M.A.1962)). "A person who purposely engages in conduct which would constitute the offense if the attendant circumstances were as that person believed them to be is guilty of an attempt." *MCM*, Part IV, ¶ 4c(3).

The military judge did not make an explicit finding that physical presence could be constructive or virtual for indecent liberties purposes. Had she done so, it would not have been plain error, because the exact nature of the presence is not germane to the charge of attempted indecent liberties. We find the appellant's guilty pleas to the four attempted indecent liberty specifications were provident and conclude the findings of guilty to those specifications are factually and legally sufficient.

*Remaining Issues*

1. Denial of Expert Consultant

■ The appellant's trial defense counsel asked the convening authority to appoint an expert confidential consultant in the field of forensic psychiatry or clinical psychology, with an area of expertise in adult sex offenses. The convening authority denied the request, finding the defense had failed to make a sufficient showing of necessity. The defense renewed their motion in writing and orally at trial.

At trial, the trial defense counsel identified two bases for the expert witness: (1) potential extenuation and mitigation evidence and (2) education of the defense on the issues of recidivism and rehabilitation potential. The military judge found no basis to conclude expert assistance was needed.

We review a military judge's denial of a request for expert assistance for an abuse of discretion. We conclude the military judge did not abuse her discretion. *See United States v. Ndanyi*, 45 M.J. 315 (C.A.A.F.1996); *United States v. Gonzalez*, 39 M.J. 459 (C.M.A.1994).

2. Merger of Specifications for Findings

■ The appellant contends the two specifications involving "KP" should have been merged for findings. The military judge considered the specifications multiplicious for sentencing purposes, but concluded there was no multiplicity or unreasonable multiplication of charges issue as to findings. The trial defense counsel did not request merger for findings purposes at trial; in fact, a circuit defense counsel on the trial team represented that "[w]e understand it's perfectly fine for the Government to have charged this in the manner in which they have."

The appellant waived this issue by not raising it at trial, so we review for plain error. Rule for Courts–Martial 905(e); *United States v. Carroll*, 43 M.J. 487, 488 (C.A.A.F.1996). Even though the charged time period in both specifications overlapped, the alleged overt acts were different (indecent language in one specification, e-mailing nude pictures of himself in the other). The military judge did not err by declining to merge the specifications for findings purposes. *See United States v. Pauling*, 60 M.J. 91 (C.A.A.F.2004); *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F.2001).

3. Possession of Child Pornography

The appellant contends his plea to possessing child pornography should be set aside in light of *Free Speech Coalition*, 535 U.S. at 234, 122 S.Ct. 1389. This issue has been resolved by our superior court in *United States v. Irvin*, 60 M.J. 23 (C.A.A.F.2004). We conclude there is no basis to disturb the appellant's plea and hold that the appellant's plea was provident.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.