**UNITED STATES**

v.

**Staff Sergeant Christopher R. MILLER, United States Air Force.**

**ACM 36829.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 31 July 2006.

30 Nov. 2007.

Appellate Counsel for the Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Captain Christopher L. Ferretti.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, and Captain Jamie L. Mendelson.

Before SCHOLZ, JACOBSON, and THOMPSON, Appellate Military Judges.

## OPINION OF THE COURT

JACOBSON, Senior Judge:

Contrary to his pleas, the appellant was found guilty of one specification of attempting to take indecent liberties with a child, and two specifications of attempting to communicate indecent language to a child under the age of 16, in violation of Article 80, UCMJ, 10 U.S.C. § 880. A military judge sitting alone as a general court-martial sentenced the appellant to a dishonorable discharge, confinement for 3 months, reduction to E–1, and to be reprimanded. The convening authority approved the findings and sentence as adjudged.

On appeal, the appellant assigns two errors: First, he asserts the evidence is legally and factually insufficient to support the military judge's findings of guilty in regard to all three specifications. Second, he argues the military judge committed plain error in finding him guilty of attempting to take indecent liberties with a child when the appellant was never physically in the presence of the

"child." We find the appellant's assertions to be without merit and affirm.

### Background

The appellant was netted by a sting operation in which a civilian police detective posed in an internet chat room as a 14–year–old girl. On 15 September 2005, soon after introducing himself to the "girl," and being informed by her of her supposed age, he began discussing sexual activities with her. The extremely graphic conversation included questions by the appellant regarding the "girl's" breast size, descriptions of the sexual acts he would like to perform upon her, and an assertion that he liked young girls and "never had one but always wanted to try." Approximately ten minutes into the conversation, he used his web-camera to send the "girl" a live feed of himself masturbating. The appellant carried on a similar conversation, *sans* masturbation, with the "girl" on 4 October 2005. The police detective ascertained the appellant's name, address, and employer, and turned the results of her investigation over to the Air Force Office of Special Investigations (AFOSI). The appellant was interviewed by AFOSI agents, waived his rights to counsel, and completed a written statement admitting that he had engaged in a conversation of a sexual nature over the internet with a 14–year–old girl.

### Legal and Factual Sufficiency

■ In his first assignment of error, the appellant asserts the evidence was factually and legally insufficient to support findings of guilty to the three specifications. In accordance with Article 66(c), UCMJ, 10 U.S.C. § 866(c), we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F.2002). The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A.1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United*

*States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citing *United States v. Rogers*, 54 M.J. 244, 246 (C.A.A.F.2000)). Our assessment of legal sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A.1993). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. Review of the evidence is limited to the entire record, which includes only the evidence admitted at trial and exposed to cross-examination. Article 66(c), UCMJ; *United States v. Bethea*, 46 C.M.R. 223, 224–25, 1973 WL 14486 (C.M.A.1973).

In attacking the legal and factual sufficiency of the evidence against him, the appellant merely attempts to resurrect the argument that failed at the trial level. He argues the government failed to prove he had the specific intent to communicate and take indecent liberties with a 14–year–old girl, insisting instead that the entire internet encounter was simply part of a "fantasy world where participants routinely lie about the most basic personal information." The appellant points to several items of evidence that indicate he questioned his chat partner about her true age and seemed dubious about whether she was really 14 years old. The military judge was presented with this theory of the appellant's case, and nonetheless found him guilty, stating on the record that he was convinced the appellant truly believed the "girl" was 14 years old. After a careful examination of the record, we conclude that the military judge could have found all the essential elements of the specifications beyond a reasonable doubt, and are thus convinced that the evidence is legally sufficient to support the convictions. Further, we ourselves are convinced beyond a reasonable doubt of the appellant's guilt, and thus find the evidence factually sufficient. Accordingly, we find the appellant's first assignment of error to be without merit.

### Constructive vs. Physical Presence

■ The appellant next contends the military judge committed plain error in finding

him guilty of an attempt to take indecent liberties with a child in reliance upon finding "constructive" presence was sufficient to meet the "physical" presence requirement of the crime. In the appellant's view, the military judge erroneously relied on our decision in *United States v. Cook*, 61 M.J. 757 (A.F.Ct.Crim.App.2005). In that case we held that Cook's "constructive presence" over the internet was sufficient to support his guilty plea to attempted indecent liberties with a minor.

Although the appellant raises this issue as a question of plain error, we agree with government counsel that it is more appropriately framed as a question of legal sufficiency. We come to this conclusion after reviewing the record and noting that, besides trial counsel's brief mention of "constructive presence" in reference to the *Cook* case during closing argument, no motions were raised, nor were findings entered on the issue during the trial. Therefore we can only assume the military judge relied on a theory of "constructive presence" in finding the appellant guilty of Specification 1. The question, then, is whether the evidence was legally sufficient to support this finding.

There is no dispute between the parties that, in order to be convicted of indecent liberties with a child, physical presence is required. The *Manual for Courts–Martial, United States* (*MCM*), provides the following definition:

> When a person is charged with taking indecent liberties, the liberties must be taken in the physical presence of the child, but physical contact is not required. Thus, one who with the requisite intent exposes one's private parts to a child under 16 years of age may be found guilty of this offense. An indecent liberty may consist of a communication of indecent language as long as the communication is made in the physical presence of the child.

*MCM*, Part IV, ¶ 87c(2) (2005 ed.).

In the present case, the appellant was never in the physical presence of his "vic-

tim." Contact between the two parties, with the exception of one short telephone conversation, was exclusively over the internet. The appellant correctly points out that it is unclear "what authority the military judge relied on with respect to [the] physical presence requirement." It is safe to assume, however, as the appellant does in making his argument before us, that the military judge used the theory of "constructive presence." The appellant argues that such reliance would have been error, notwithstanding this Court's decision in *Cook*. By implication then, the appellant avers, the military judge's finding of guilty is necessarily legally insufficient.

The facts underlying the attempted indecent liberties specifications in *Cook* were essentially similar to the case before us today. *Cook*, however, was a guilty plea. The focus of our decision was "how significant is the indecent liberties presence element to a prosecution under Article 80, UCMJ?" *Cook*, 61 M.J. at 759. Finding the exact nature of the presence not germane to the charge of attempted indecent liberties, we found Cook's guilty pleas to the Article 80, UCMJ, offenses provident.

The appellant in the case sub judice argues that the most obvious distinction between his case and *Cook* is that the constructive presence question in the latter case arose during a guilty plea inquiry. While this may be true, we find it to be a distinction without a difference. We find the reasoning of *Cook* to be equally applicable to this case and hold that the exact nature of the appellant's presence was not germane to the charge of attempted indecent liberties. The appellant's "real time" conversations and his live-feed broadcast of himself masturbating were sufficient to satisfy the presence element of indecent liberties, at least for the purposes of an Article 80, UCMJ prosecution.[1] Upon examining the record, we conclude that the military judge could have found all the essential elements of the specifications beyond a rea-

---

1. We leave for another day the question of whether similar activities would be sufficient to support a prosecution under Article 134, UCMJ, 10 U.S.C. § 934. We note, however, that other jurisdictions have relied upon theories of con-

structive presence in regard to similar statutes. *See e.g. State v. McClees*, 108 N.C.App. 648, 424 S.E.2d 687 (N.C.Ct.App.1993); *Rabuck v. State*, 129 P.3d 861 (Wyo.2006).

sonable doubt, and are thus convinced that the evidence is legally sufficient to support the convictions.

### Conclusion

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence are

AFFIRMED.