UNITED STATES, Appellee

v.

Christopher R. MILLER, Staff Sergeant
U.S. Air Force, Appellant

No. 08-0307

Crim. App. No. 36829

United States Court of Appeals for the Armed Forces

Argued October 22, 2008

Decided December 3, 2008

RYAN, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.


Counsel


For Appellant:  Captain Lance J. Wood (argued); Major Shannon A.
Bennett and Captain Tiaundra Sorrell (on brief); Lieutenant
Colonel Mark R. Strickland and Captain Vicki A. Belleau.


For Appellee:  Colonel Gerald R. Bruce (argued); Major Jeremy S.
Weber, Major Matthew S. Ward, and Captain Jamie L. Mendelson.


Military Judge:  Gary M. Jackson


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Miller, No. 08-0307/AF

Judge RYAN delivered the opinion of the Court.

This case presents the questions whether the United States Air Force Court of Criminal Appeals (CCA) was correct that the "nature of [an] appellant's presence" is not germane to a charge of attempted indecent liberties with a child, Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2000), and whether the constructive presence presented by the facts of this case is legally sufficient to support Appellant's conviction for attempted indecent liberties with a child.[1]  We answer both questions in the negative and reverse.[2]

## I.  Facts

A general court-martial composed of a military judge sitting alone convicted Appellant, contrary to his pleas, of one specification of attempting to take indecent liberties with a child and two specifications of attempting to communicate

---

[1] Upon Appellant's petition, we granted review of the following issue:

> WHETHER APPELLANT'S CONVICTION OF ATTEMPTED INDECENT LIBERTIES WITH A CHILD IS LEGALLY SUFFICIENT WHEN APPELLANT WAS NEVER IN THE PHYSICAL PRESENCE OF THE PURPORTED CHILD, BUT WAS CONVICTED ON THE BASIS OF HIS SENDING HER THROUGH THE INTERNET A CONTEMPORANEOUS VIDEO OF HIS PERFORMING A SOLITARY SEXUAL ACT.

[2] We heard oral argument in this case at Fort Riley, Kansas, as part of the Court's "Project Outreach."  See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003).  This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

indecent language to a child, all in violation of Article 80, UCMJ. The sentence adjudged by the court-martial and approved by the convening authority included a dishonorable discharge, a reprimand, confinement for three months, and reduction to the lowest enlisted grade. The CCA affirmed. United States v. Miller, 65 M.J. 845, 848 (A.F. Ct. Crim. App. 2007).

Appellant's convictions resulted from his contact with an undercover detective from the Charlotte-Mecklenburg, North Carolina, police department, whom Appellant believed was a fourteen-year-old girl. The detective was monitoring a Yahoo! chat room when she was instant messaged by Appellant, who engaged her in a conversation. While Appellant was chatting online with the detective, he asked her if she wanted to see a picture of him on his web camera. The detective responded affirmatively and Appellant turned on the camera. About eight minutes later, Appellant asked the detective if she minded if Appellant showed her his penis. After the detective agreed to this suggestion, Appellant repositioned the camera. According to the detective, the conversation continued, and "[w]hile this discussion was going on, [Appellant] was stroking his penis and becoming more erect. After about ten minutes of masturbating, he ejaculated on his hand and then cleaned himself up with a small white towel."

The record reflects that during this act, Appellant sent sexually explicit instant messages to the detective.  He asked her several questions about her sexual experience, and she responded to those questions.  After the act was completed, Appellant asked the detective whether she liked what she had seen.  Later in the same conversation, Appellant proposed meeting in person for sex.  In a subsequent online conversation, Appellant proposed meeting again, but then told her at the end of the conversation that he could not have sex with her because she was fourteen.

## II.  Discussion

In his appeal to the CCA, Appellant challenged his conviction for attempting to take indecent liberties because he was not physically present with the detective while he masturbated.  The CCA relied on its prior decision in United States v. Cook, 61 M.J. 757 (A.F. Ct. Crim. App. 2005), and concluded that the "exact nature of the appellant's presence was not germane to the charge of attempted indecent liberties." Miller, 65 M.J. at 847.  The CCA reasoned that Appellant's "'real time' conversations and his live-feed broadcast of himself masturbating were sufficient to satisfy the presence element of indecent liberties, at least for the purposes of an

United States v. Miller, No. 08-0307/AF

Article 80, UCMJ prosecution." Id.[3]  We disagree with both the

CCA's reasoning and its conclusion.

An attempt requires an act tending to effect the commission

of the intended offense.  Manual for Courts-Martial, United

States pt. IV, para. 4.b(4) (2005 ed.) (MCM).[4]  Under the 2005

edition of the MCM, which was in effect at the time of

Appellant's court-martial, the elements of an indecent liberties

charge under Article 134, UCMJ, were:

| | |
|---|---|
| (a) | That the accused committed a certain act; |
| (b) | That the act amounted to the taking of indecent liberties with a certain person; |
| (c) | That the accused committed the act in the presence of this person; |
| (d) | That this person was under 16 years of age and not the spouse of the accused; |
| (e) | That the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and |
| (f) | That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or |

---

[3] The CCA declined to rule on whether this type of presence would be sufficient for a charge of the completed offense under Article 134, UCMJ, 10 U.S.C. § 934 (2000).  Miller, 65 M.J. at 847 n.1.

[4] The elements of Article 80, UCMJ, are:

(1)  That the accused did a certain overt act;
(2)  That the act was done with the specific intent to commit a certain offense under the code;
(3)  That the act amounted to more than mere preparation; and
(4)  That the act apparently tended to effect the commission of the intended offense.

MCM pt. IV, para. 4.b.

5

>                 was of a nature to bring discredit upon the
>                 armed forces.

MCM pt. IV, para. 87.b(2) (emphasis added).  Thus the nature of the presence required by the completed offense is germane.  See, e.g., United States v. Miergrimado, 66 M.J. 34, 37 (C.A.A.F. 2008) (assessing evidence of "heat of sudden passion" element on a charge of attempted voluntary manslaughter); United States v. Brooks, 60 M.J. 495, 497-99 (C.A.A.F. 2005) (assessing whether the federal law the appellant attempted to violate required direct communication with an actual minor).  Indeed, the nature of the presence required for the completed offense of indecent liberties with a child is the threshold question.

The element as stated in the MCM does not define presence. However, the MCM explanation elaborates that "the liberties must be taken in the physical presence of the child, but physical contact is not required."  MCM pt. IV, para. 87.c(2) (emphasis added).  Although MCM explanations of offenses are not binding on this Court, they are generally treated as persuasive authority, United States v. Miller, 47 M.J. 352, 356 (C.A.A.F. 1997), to be evaluated in light of this Court's precedent. United States v. Hemingway, 36 M.J. 349, 351-52 (C.M.A. 1993).

A requirement that the act be done in the "physical presence" of the child, as described in the MCM explanation, is supported by this Court's precedent.  In United States v.

Knowles, 15 C.M.A. 404, 405, 35 C.M.R. 376, 377 (1965), this Court considered whether evidence that the appellant had used indecent language during a telephone conversation with the victim was sufficient to uphold an indecent liberties charge. Prior to Knowles, the Court had already established that the accused must be in the presence of the victim. United States v. Brown, 3 C.M.A. 454, 457, 13 C.M.R. 10, 13 (1953). In Knowles, the Court reasoned that "[t]he offense . . . requires greater conjunction of the several senses of the victim with those of the accused than that of hearing a voice over a telephone wire" and therefore the Brown presence requirement was not met. 15 C.M.A. at 405, 35 C.M.R. at 377. And a more recent decision of this Court treated physical presence as necessary to sustain a conviction for taking indecent liberties. In United States v. Rodriguez-Rivera, we said that the question was "whether a rational trier of fact could find beyond a reasonable doubt that [the appellant] was physically present with" the victim at the time the alleged indecent liberties occurred. 63 M.J. 372, 385 (C.A.A.F. 2006) (emphasis added). Because there was evidence that the victim had watched pornographic movies at the appellant's house, but not that the appellant was with her when she watched them, the conviction was set aside. Id. This Court's precedent construing the element of presence consistently with the MCM explanation dictates that the offense

of taking indecent liberties with a child requires the act be committed in the physical presence of the child.

The Government urges that even if the presence required is "physical presence," a reasonable factfinder could conclude that Appellant's Internet-based action tended to bring about that physical presence. It is true that the Knowles decision expressly left open the question whether an indecent liberties charge could be based on the "performance of indecent acts and the use of obscene language over an audio-visual system." 15 C.M.A. at 405, 35 C.M.R. at 377. We find it instructive that it was after this decision that the MCM was revised to include the "physical presence" language in the explanation. See United States v. Czeschin, 56 M.J. 346, 348-49 (C.A.A.F. 2002) (noting that a revision to the MCM will be considered a binding limitation on conduct subject to prosecution if the limiting purpose of the language is umambiguous on its face). And the Analysis of the 1969 edition of the MCM indicates that "physical presence" was added to the MCM explanation in response to Knowles. See Dep't of the Army, Pamphlet 27-2 Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition ch. 28, para. 213f(3), at 28-19 (1970) (stating new language was "added to this paragraph to provide that . . . the indecent liberties must be taken in the physical presence of the child" and citing Knowles). Thus the MCM amendment may be

said to answer the question left open by Knowles –- for the offense of taking indecent liberties with a child, presence means physical presence, rather than presence created through the use of "an audio-visual system."

That "constructive presence" will not suffice in the context of a penal statute that has been construed to require physical presence is in accordance with the common use of those words. See United States v. McCollum, 58 M.J. 323, 340 (C.A.A.F. 2003) ("In construing the language of a statute or rule, it is generally understood that the words should be given their common and approved usage.") (quotation marks omitted). The definition and common understanding of "presence" is: "[t]he state or fact of being in a particular place and time" and "[c]lose physical proximity coupled with awareness." Black's Law Dictionary 1221 (8th ed. 2004). The modifying word "physical" is commonly defined and understood as "having material existence" and "of or relating to the body." Merriam-Webster's Collegiate Dictionary 935 (11th ed. 2003). These definitions taken together compel the conclusion that "physical presence" requires that an accused be in the same physical space as the victim.

Without deciding whether future advances in technology or the understanding of physical presence might change the analysis, at this juncture we are unpersuaded that the actions

9

in this case tended to bring about physical presence as it is commonly understood.  Appellant was not in the same physical location as the detective while he was masturbating, and we cannot accept the Government's invitation to find that Appellant's "constructive presence" via the web camera was sufficient to satisfy a physical presence requirement without completely disregarding the plain meaning of "physical presence" as used in the MCM explanation of the offense.  While several state courts have affirmed convictions for taking indecent liberties when the appellant was constructively present with the victim, they are not persuasive authority with respect to interpreting the meaning of "physical presence."  Those cases interpreted specific state statutes, none of which by their terms required "physical presence" or even "presence."  See, e.g., N.C. Gen. Stat. § 14-202.1 (2008) (criminalizing taking or attempting to take "any immoral, improper, or indecent liberties with any child"); Va. Code Ann. § 18.2-370 (2008) (punishing certain acts such as indecent exposure, when done "with any child under the age of 15 years").  Rather, those courts construed the meaning of "with" a child to include constructive presence in a wide variety of circumstances, including transmitting a live video of masturbation, Brooker v. Commonwealth, 587 S.E.2d 732, 736 (Va. Ct. App. 2003), hiding a video camera to secretly film minors undressing, State v.

McClees, 424 S.E.2d 687, 689-90 (N.C. Ct. App. 1993), and making

an obscene phone call, State v. Every, 578 S.E.2d 642, 648-49

(N.C. Ct. App. 2003), an action this Court specifically found

could not be the basis of an indecent liberties charge in

Knowles.

Although Appellant's use of a web camera allowed the

detective to see him while he masturbated, no reasonable

factfinder could conclude that Appellant committed an act that

tended to effect the element of being in the detective's

physical presence.  United States v. Dobson, 63 M.J. 1, 21

(C.A.A.F. 2006) (citing Jackson v. Virginia, 443 U.S. 307, 319

(1979)).  Therefore, his act did not tend to effect the

commission of the completed offense, and no reasonable

factfinder could find him guilty of the charged offense.

### III.  Lesser included offense of attempted indecent acts with another

The Government urges for the first time before this Court

that Appellant's conviction may nonetheless be affirmed to an

attempt of a lesser included offense, indecent acts with

another.  See MCM pt. IV, para. 4.d (providing that when a

conviction for an attempt is set aside, it may be affirmed to an

attempt of a lesser included offense).  Indecent acts with

another[5] was listed in the 2005 MCM as a lesser included offense

---

[5] Indecent acts with another requires proof:

United States v. Miller, No. 08-0307/AF

to indecent liberties with a child, MCM pt. IV, para. 87.d(1),
and contains neither a "physical presence" nor a "presence"
requirement.

The offense does "require[] that the acts be done in
conjunction or participating with another person." United
States v. Thomas, 25 M.J. 75, 76 (C.M.A. 1987) (emphasis
omitted). There must be some "affirmative interaction" between
the accused and the victim to satisfy the "with another person"
element. United States v. McDaniel, 39 M.J. 173, 175 (C.M.A.
1994). This interaction need not take place between two
individuals who are located in the same physical space. See id.
(finding sufficient interaction when the appellant gave the
women he was secretly filming instructions from a separate room
to enhance the view from his hidden video camera). But the
victim must be more than an inadvertent or passive observer.
United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996).

The CCA was not presented with the Government's argument to
affirm the lesser included offense, and thus did not consider
whether the record was legally and factually sufficient to

---

(1)  That the accused committed a certain wrongful act
     with a certain person;
(2)  That the act was indecent; and
(3)  That, under the circumstances, the conduct of the
     accused was to the prejudice of good order and
     discipline in the armed forces or was of a nature to
     bring discredit upon the armed forces.

MCM pt. IV, para. 90.b (emphasis added).

12

support the offense of attempted indecent acts. And whether the facts of this case establish "affirmative interaction" between Appellant and the undercover detective is an issue that has not been briefed or argued by either party. Consequently, we remand to the CCA the question whether the lesser included offense urged by the Government can be affirmed under Article 66, UCMJ, 10 U.S.C. § 866 (2000).

## IV. Decision

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 1 of the Charge and the sentence. The decision is affirmed as to Specifications 2 and 3. The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals to consider the factual and legal sufficiency of the evidence for the lesser included offense of attempted indecent acts with another under Article 80, UCMJ, 10 U.S.C. § 880 (2000), and for reassessment of the sentence or for ordering a rehearing on the sentence.