BAKER, Judge
(concurring in the result):
The Government sought to offer certain file names as evidence under Military Rule of Evidence (M.R.E.) 414; however, the Government’s proffer did not demonstrate for the purposes of the rule that possession of the file names, without more, qualified as “one or more offenses of child molestation.” M.R.E. 414(a). Among other things, the Government’s proffer did not include any of the files linked to the titles. Therefore, however suggestive the titles might have been, the military judge could not have known whether those files contained pictures or videos and whether those pictures or videos met the descriptive requirements of the rule. This, in my view, is insufficient for the purposes of analyzing propensity evidence under this rule.
This is so regardless of how sections (d)(5) and (d)(2) of the rule are read. As a result, I find it unnecessary to definitively interpret M.R.E. 414 in a manner that will impact all future eases involving possession of child pornography. Also, as importantly, I disagree with the Court’s analysis of M.R.E. 414(d)(2), which appears to ignore the plain language of the rule and is based on inapt case law.
For purposes of the rule, an “ ‘offense of child molestation’ means an offense punishable under the Uniform Code of Military Justice ... that involved ... any sexually explicit conduct with children proscribed by the Uniform Code of Military Justice.” M.R.E. 414(d)(2). Based on this language the Court concludes that possession of child pornography does not qualify for admission under the rule, i.e., it does not “involve” “any sexually explicit conduct with children.” Citing United States v. Miller, 67 M.J. 87 (C.A.A.F.2008), the Court states, “We recently determined in the context of construing the offense of indecent liberties with a child ... that to occur ‘with’ a child, or ‘with’ children, conduct must be in the physical presence of a child or children. By analogy, this rules out the possession or attempted possession of child pornography under the facts of this case,” and presumably any other case. United States v. Yammine, 69 M.J. at 76 (citation omitted).
The Court’s conclusion rules out the possession of any child pornography as a qualifying offense under the rule unless the accused himself is physically engaged in the *80 child pornography “with” the victim in a picture or video. This conclusion is said to be based on Miller, in which this Court determined that the elements of indecent liberties with a child under Article 134, UCMJ,[1] required that the acts be committed in the physical presence of the child in order to meet the requirement of that offense that the conduct occurred “with” the child.
The Court’s analysis of M.R.E. 414(d)(2) is problematic for two reasons. First, it does not address the text of the rule as a whole, and second, it ignores the distinction between the text of section (d)(2), a rule of evidence, and the text describing a distinct element of an offense — indecent liberties with a child.
The question is whether possession of child pornography can ever be an offense of child molestation for the purposes of M.R.E. 414(d)(2). First, child pornography is certainly punishable under the UCMJ. Second, whether possession of the particular child pornography involves sexually explicit conduct with children will depend on the pictures or videos at issue — that is, whether the pictures or videos contain “any sexually explicit conduct” and whether that conduct is “with” children. Id. The final inquiry is whether the sexually explicit conduct must be with the accused. The wording of the rule suggests not. According to the rule, the conduct need only involve “any sexually explicit conduct with children” (emphasis added), for which the accused can be punished under the UCMJ. The rule does not state that the conduct must be “by the accused.” The conduct need only be attributable to the accused, i.e., punishable under the UCMJ, and involve conduct with children. That describes a broad array of child pornography.
The second problem with the Court’s analysis is the reliance on Miller. Miller addressed certain language different from the introductory language of M.R.E. 414 highlighted above. The issue in that ease dealt with the meaning of an element that explicitly required that the accused commit the conduct in question and required interpretation of the phrase “in the presence of.” Miller, 67 M. J. at 89. There the language was clearly distinct from the language of the rule in this ease, which addresses offenses that “involve[ ] ... any sexually explicit conduct with children.”
I would rather not have reached this issue today because under any reading of M.R.E. 414(d)(2) the Government simply did not meet its burden in this ease. Given the dangers of unfair prejudice associated with propensity evidence and the number of child pornography cases arising in the military justice system, the limits and permits of M.R.E. 414 in this context should be decided based upon a more fully developed record and appellate arguments addressing this particular point of law.

. Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). At the time of Miller's trial, the 2005 edition of the Manual for Courts-Martial, United States — in which indecent acts with a child was a listed offense — was in effect.