# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel STEVEN F. MICHALKE**
**United States Army, Appellant**

ARMY 20111043

Third Army
Stephen E. Castlen, Military Judge
Colonel Stephanie L. Stephens, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Major Jaired D. Stallard, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee: Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

27 September 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted indecent liberties with a child, one specification of rape, two specifications of aggravated sexual assault of a child, one specification of aggravated sexual abuse of a child, one specification of indecent liberties with a child, one specification of abusive sexual contact with a child, one specification of wrongful sexual contact, and two specifications of forcible sodomy with a child, in violation of Articles 80, 120, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 925 [hereinafter UCMJ].  The military judge sentenced appellant to a dismissal and confinement for forty years. The convening authority approved only so much of the sentence as provided for a dismissal and confinement for thirty-five years.

This case is before this court for review pursuant to Article 66, UCMJ. Appellate defense counsel raised one assignment of error to this court and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431

(C.M.A. 1982). We find the one assignment of error raised by defense counsel to be without merit. Within those matters personally raised by appellant, one issue warrants discussion and relief. We find the remaining issues raised by appellant are without merit.

**BACKGROUND**

In the Specification of Charge IV, appellant was charged with attempting to engage in an indecent liberty with a minor who had attained the age of twelve but had not attained the age of sixteen. The specification alleged:

> In that [appellant], U.S. Army, did at or near Douglas County, GA, between on or about 26 June 2009 and on or about 15 September 2010, attempt to take indecent liberties with [SM], a child who had attained the age of 12 years, but had not attained the age of 16 years, by video recording [SM] as she undressed to take a shower exposing her breasts, genitalia, buttocks, nipples, and areolas, with the intent to gratify the sexual desire of the accused.

At trial, consistent a pretrial agreement, appellant pleaded guilty to all of the charged offenses. The military judge then questioned him on his plea. In regards to the Specification of Charge IV, appellant admitted:

> . . . I did attempt to take indecent liberties with [SM] by attempting to film her undressing and dressing after she would come in and out of the shower. I did arrange the camera, as is stated in the statement in here, in order to capture her on video with the sole intent of gratifying my sexual desires. I could see basically her breast and her lower extremities.

He went on to admit his actions constituted more than mere preparation and constituted a substantial step toward the commission of the offense because his attempt to record SM in a state of undress was only thwarted when, prior to her undressing, SM discovered, in the closet, the video recording device which had already been set to record. She then erased the video recording of her in the bathroom and returned the device to appellant. Throughout the providence inquiry, appellant did not describe being in SM's presence at the time of his attempted indecent conduct.

In the stipulation of fact, appellant admitted that he "set his iPhone up in a closet adjacent to the shower SM was about to use." He did so by propping the

iPhone up with a shoe in the closet; activating the video recorder on the iPhone; and pointing it in the direction of the shower where Miss SM was about to undress. Appellant's attempt to video record SM failed when SM discovered the iPhone and deleted the recording before returning the iPhone to appellant. While the stipulation of fact mentions SM witnessing appellant "acting strangely while in her physical presence in the bathroom shortly before she was to take a shower," the record does not establish where appellant was located when SM noticed the closet door cracked opened, entered the closet, and discovered the surreptitious iPhone set to record her.

## LAW AND DISCUSSION

In this case, we find there is a substantial basis in law and fact to question appellant's plea of guilty to indecent liberties with a minor where the record does not indicate appellant was in SM's presence at the time of the offense. However, we find an ample factual predicate to find appellant guilty of the lesser-included offense of an attempted indecent act.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).

An attempt requires an act tending to effect the commission of the intended offense. *Manual for Courts–Martial, United States* (2008) [hereinafter *MCM*], pt. IV, ¶ 4.b.(4). The offense of indecent liberties with a minor requires the act be committed in the physical presence of the child. *MCM*, pt. IV, ¶ 45.b.(10); UCMJ art. 120(j); *United States v. Miller*, 67 M.J. 87 (C.A.A.F. 2008). The notion that "constructive presence" will not suffice in the context of a penal statute that has

3

been construed to require physical presence is in accordance with the common use of those words. *See United States v. McCollum*, 58 M.J. 323, 340 (C.A.A.F. 2003).

In this case, the providence inquiry falls short in establishing an essential element of the charged offense – namely, that the act took place within the physical presence of the child. While appellant was charged with attempting to engage in an indecent liberty with SM, both the providence inquiry and the stipulation of fact establish that the gravamen of appellant's indecent conduct was his attempt to covertly videotape his daughter while she was in a state of undress coming in and out of the shower. During the providence inquiry, appellant admitted he set up the camera in the closet; pointed the recording device towards the bathroom; and that he intended to record SM in a state of undress in order to satisfy his own sexual desires. The record does not establish that he was in her presence attempting to videotape her. Rather, it appears from both the providence inquiry and the stipulation of fact that appellant secretly set up the camera so as to passively tape record SM. The record does not establish that appellant was in SM's presence while he was attempting to video record her actions.

In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *Davenport*, 9 M.J. at 367. Here, appellant did not provide a sufficient factual basis to establish an essential element of the offense in that he was not attempting to commit his indecent conduct while in the presence of his intended victim. As such, we find the military judge abused his discretion in accepting appellant's plea of guilty to attempting to take indecent liberties with a minor. However, we find appellant's guilty plea adequately establishes appellant committed the lesser-included offense of attempted indecent act. That offense requires it to be established that appellant attempted to engage in indecent conduct, elements supported by the record, but does not require the act take place in the physical presence of a child. *See* UCMJ art. 120 (k) and (t).

**CONCLUSION**

On consideration of the entire record, submissions by the parties, and those matters personally submitted by appellant pursuant to *Grostefon*, this court affirms only so much of the finding of guilty of the Specification of Charge IV as finds that appellant did commit the lesser-included offense of indecent conduct in violation of Article 120 (k), UCMJ.

The remaining findings of Guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence is AFFIRMED. All rights, privileges, and

property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are ordered restored. See UCMJ art. 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court