UNITED STATES, Appellee

v.

George E. ROLLINS, Senior Master Sergeant
U.S. Air Force, Appellant

No. 04-0313

Crim. App. No. 34515


United States Court of Appeals for the Armed Forces

Argued February 8, 2005

Decided August 25, 2005

EFFRON, J., delivered the opinion of the Court, in which GIERKE,
C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Major Karen L. Hecker (argued); Colonel Beverly
B. Knott, Colonel Carlos L. McDade, Major Terry L. McElyea, and
Major James Winner (on brief).


For Appellee:  Captain C. Taylor Smith (argued); Colonel LeEllen
Coacher, Lieutenant Colonel Robert V. Combs, and Lieutenant
Colonel Gary F. Spencer (on brief).



Military Judge:  Thomas G. Crossan Jr.



**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of officer members, Appellant was convicted, contrary to his pleas, of seven offenses in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). He was found not guilty of one offense charged under Article 134. The members sentenced Appellant to a bad-conduct discharge, confinement for eight years, and reduction to E-5. The convening authority revised the findings, as reflected in the following tables, to address issues involving the application of the statute of limitations under Article 43, UCMJ, 10 U.S.C. § 843 (2000). See Part I.A. infra; Rule for Courts-Martial (R.C.M.) 1107(b) discussion.

TABLE 1. FINDINGS MODIFIED BY THE CONVENING AUTHORITY

| CHARGE | RESULT OF TRIAL[1] | CONVENING AUTHORITY'S ACTION |
|---|---|---|
| Charge I | Not guilty of attempted rape of B; guilty of indecent assault of B "on divers occasions from on or about 27 July 1989 to on or about 18 October 1995" | Guilty of indecent assault of B "on divers occasions from on or about 21 July 1995 to on or about 18 October 1995" |
| Charge II, Spec. 1 | Guilty of committing indecent acts upon the body of B, a female under 16 years of age, "on divers occasions from on or about 27 July 1989 to on or about 26 July 1997" | Guilty of committing indecent acts on B, a female under 16 years of age, "on divers occasions from on or about 21 July 1995 to on or about 26 July 1997" |

---

[1] As initially charged, the inception date for these two offenses was March 11, 1989. The charge sheet was revised prior to trial to reflect a July 27, 1989, inception date.

2

TABLE 2. FINDINGS DISAPPROVED BY THE CONVENING AUTHORITY

| CHARGE | RESULT OF TRIAL | CONVENING AUTHORITY'S ACTION |
|---|---|---|
| Charge II, Spec. 2 | Guilty of taking indecent liberties with JG, a male under 16 years of age, "between on or about 1 November 1990 and on or about 30 November 1990" | Dismissed |
| Charge II, Spec. 3 | Guilty of taking indecent liberties with JG, a male under 16 years of age, "between on or about 1 January 1991 and on or about 31 December 1992" | Dismissed |
| Charge II, Spec. 4 | Guilty of committing an indecent act upon the body of KC, a female under 16 years of age, "between on or about 1 June 1993 and on or about 30 June 1993" | Dismissed |

TABLE 3. OTHER FINDINGS

| CHARGE | RESULT OF TRIAL | CONVENING AUTHORITY'S ACTION |
|---|---|---|
| Charge II, Spec. 5 | Guilty of committing an indecent act with JG "between on or about 15 December 1995 and on or about 31 January 1996 . . . by giving him a pornographic magazine and by requesting that they masturbate together" | Approved |
| Charge II, Spec. 6 | Not guilty of committing indecent acts upon the body of B, a female under 16 years of age, "on divers occasions from on or about 27 July 1997 to on or about 31 December 1999" | Not applicable. See R.C.M. 1107(b)(4) (an acquittal is not subject to disapproval by the convening authority). |
| Charge II, Spec. 7 | Guilty of receiving child pornography "from on or about 1 December 1996 to on or about 6 April 2000" | Approved |

The convening authority approved the adjudged bad-conduct discharge and reduction in grade, and reduced the period of confinement from eight years to seven years. The Air Force Court of Criminal Appeals, in an unpublished opinion, affirmed the findings and sentence as modified by the convening authority. United States v. Rollins, No. ACM 34515, 2003 CCA LEXIS 303, at *26-*27, 2004 WL 26780, at *10 (A.F. Ct. Crim. App. Dec. 24, 2003).

On Appellant's petition, we granted review of the following two issues concerning the convening authority's revision of the findings described in Tables 1 and 2, supra, and the related modification of the sentence:

> I. WHETHER THE CONVENING AUTHORITY ERRED BY ALTERING THE INCEPTION DATE OF TWO SPECIFICATIONS IN ORDER TO DEFEAT A STATUTE OF LIMITATIONS CLAIM.
>
> II. WHETHER THE CONVENING AUTHORITY ERRED BY ATTEMPTING TO REASSESS THE SENTENCE AFTER SETTING ASIDE THREE FINDINGS OF GUILTY.

We also granted review of a separate issue assigned by Appellant concerning the merits of Charge II, specification 5, described in Table 3, supra:

> III. WHETHER APPELLANT'S CONVICTION FOR INDECENT ACTS WITH JG MUST BE SET ASIDE WHERE APPELLANT'S ACTIONS WERE NOT DONE WITH THE "PARTICIPATION" OF JG AND

WHERE APPELLANT'S ACTIONS ARE PROTECTED
BY THE FIRST AMENDMENT.

For the reasons set forth below, we conclude under Issue I that the convening authority erred, in the particular circumstances of this case, by revising the findings described in Table 1 rather than ordering a rehearing. Because our decision on Issue I will require a rehearing on sentence, we need not address Issue II. With respect to Issue III, we conclude that a reasonable factfinder could have found beyond a reasonable doubt that the essential elements of indecent acts with another were met. We also find that the activity at issue was not protected by the First Amendment as applied to members of the armed forces.

## I.  STATUTE OF LIMITATIONS

### A.  BACKGROUND

Appellant was convicted of various sexual offenses under Article 134, including offenses against persons under the age of 16. At the time of Appellant's trial, the applicable statute of limitations precluded prosecution of such offenses if "committed more than five years before the receipt of sworn charges and

specifications by an officer exercising summary court-martial jurisdiction over the command." Article 43(b)(1).[2]

1.  Pretrial and trial proceedings

On July 21, 2000, the officer exercising summary court-martial jurisdiction over the command received sworn charges alleging the eight offenses under Article 134 described at the outset of this opinion. At the subsequent court-martial, defense counsel moved to dismiss Charge I and its specification, a portion of specification 1 of Charge II, and specifications 2, 3, and 4 of Charge II, citing the five-year statute of limitations in Article 43(b)(1). See Tables 1 and 2 supra (describing the dates of the charged offenses).

The military judge rejected the motion, citing the decision of the Air Force Court of Criminal Appeals in United States v. McElhaney, 50 M.J. 819 (A.F. Ct. Crim. App. 1999). In McElhaney, the court concluded that Article 43(b)(1) had been supplanted in specified cases by 18 U.S.C. § 3283 (2000), which provided an extended statute of limitations for certain child abuse offenses tried in federal civilian courts. McElhaney, 50 M.J. at 826-27.

---

[2] The subsequent legislative extension of the statute of limitations for certain child abuse offenses is not at issue in the present appeal. See National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136, § 551, 117 Stat. 1392 (2003) (amending Article 43); United States v. Thompson, 59 M.J. 432, 433 (C.A.A.F. 2004).

Following presentation of evidence by the parties on the merits of the charged offenses, the military judge instructed the members on the findings, including instructions on the two offenses pertinent to Issue I -- Charge I and its specification and Charge II, specification 1. Each of these charges alleged multiple crimes -- offenses that occurred on "divers occasions."

In the course of instructing the members on attempted rape under Charge I, the military judge instructed the members on the elements of lesser included offenses, including the offense of indecent assault. The instructions advised the members that to find Appellant guilty of indecent assault under Charge I, they would have to be convinced beyond a reasonable doubt that Appellant assaulted the alleged victim "on divers occasions from on or about 27 July 1989 to on or about 18 October 1995." The military judge similarly advised the members that to find Appellant guilty of indecent acts with a child under Charge II, specification 1, they would have to be convinced beyond a reasonable doubt that Appellant committed the charged acts "on divers occasions from on or about 27 July 1989 to on or about 26 July 1997."

Under Charge I, the members found Appellant not guilty of attempted rape but guilty of the lesser included offense of indecent assault on divers occasions during the charged time period. The members found Appellant guilty of six of the

remaining seven specifications under Charge II during the charged time periods.  See Tables 1, 2, and 3 supra.

2. Post-trial proceedings before the military judge

Subsequent to trial, but before the convening authority's action, we decided United States v. McElhaney, 54 M.J. 120 (C.A.A.F. 2000), reversing the Air Force court's interpretation of Article 43(b)(1).  In McElhaney, we held that the extended statute of limitations applicable to federal civilian proceedings under 18 U.S.C. § 3283 did not supplant Article 43.  McElhaney, 54 M.J. at 126.  Defense counsel in the present case requested a post-trial session and moved to dismiss five of the seven findings, citing the recently published decision in McElhaney.

In the post-trial session, the defense contended that the entirety of the three offenses described in Table 2, supra, fell outside the five-year statute of limitations in Article 43(b)(1).  With respect to the two offenses described in Table 1, supra, the defense noted that "97% of the charged time frame" for Charge I fell outside the five-year statute of limitations, and that "75% of the charged time frame" for specification 1 of Charge II fell outside the five-year period.  The defense contended "[b]ecause of the manner in which the two

8

specifications were charged, it is impossible to determine the specific events, if any, the members found to be true beyond a reasonable doubt that fall within the past five years."

In response, the Government recommended that the military judge allow the convening authority to address the impact of McElhaney on the findings and sentence after receiving advice from his staff judge advocate (SJA). The military judge rejected the defense motion. It is not apparent from the record whether the military judge rejected the defense motion on the merits, or whether the military judge decided that any post-trial corrections should be made by the convening authority.

3. Revision of the findings and sentence by the convening authority

In his post-trial recommendation under R.C.M. 1106, the SJA advised the convening authority that the findings could not be approved as adjudged in light of the application of the statute of limitations to the offenses. The SJA recommended that the convening authority disapprove the findings and dismiss the charges for the three offenses described in Table 2, supra, all of which involved findings dated prior to July 21, 1995, the critical date under the statute of limitations. The two offenses described in Table 1, supra, involved findings of acts on "divers occasions" over a period that began before July 21, 1995, and ended after that date. With respect to those

offenses, the SJA recommended modification of each finding to show July 21, 1995, as the inception date for each offense. The SJA also recommended approval of the two findings described in Table 3, supra, which were not affected by the statute of limitations. Finally, the SJA recommended that the convening authority approve the adjudged sentence, subject to reducing the period of confinement from eight to five years to cure the prejudice from the erroneous findings.

The convening authority revised the findings as recommended by the SJA. With respect to the sentence, the convening authority reduced the period of confinement from eight to seven years and otherwise approved the adjudged sentence. The Court of Criminal Appeals affirmed the findings and sentence, as modified by the convening authority.

## B. INSTRUCTIONS TO THE PANEL
## REGARDING THE STATUTE OF LIMITATIONS

Issue I asks whether the revisions ordered by the convening authority cured the prejudice from the erroneous application of the statute of limitations at trial. The convening authority has broad discretion under Article 60(c)(1), 10 U.S.C. § 860(c)(1) (2000), to modify the findings and sentence. This power may be exercised to correct errors or otherwise as a matter of command prerogative. Id. When the convening

authority acts to correct errors in the results of trial, we review that action to determine whether the convening authority has cured any prejudice flowing from the erroneous treatment of the statute of limitations at trial. See Article 59(a), 10 U.S.C. § 859(a) (2000).

In Thompson, 59 M.J. 432, 439-40 (C.A.A.F. 2004), we addressed the relative responsibilities of the military judge and the members with regard to the statute of limitations. As in the present case, the accused in Thompson was charged with committing rape on divers occasions over a lengthy period of time. Id. at 433. The military judge instructed the members as to both rape and the lesser included offenses of carnal knowledge and indecent acts with a child. Id. at 434. The rape charge was not restricted by the statute of limitations, but the lesser included offenses at that time were each subject to a five-year limitation period. Id. at 433. Although the military judge was required to instruct the members regarding the effect of the statute of limitations on the lesser included offenses, he did not do so, and declined to take corrective action when this defect was brought to his attention while the members were deliberating on findings. Id. at 435-36. When the members returned a finding of not guilty on the charge of rape but guilty on the lesser included offense of indecent acts with a child, the military judge attempted to correct the error by

amending the charges to conform the time frame of the offenses

to the statute of limitations.  Id. at 437.

The appellant in Thompson challenged the propriety of the

military judge's action.  We held that the military judge erred,

stating that when the evidence raises an issue concerning the

statute of limitations, the military judge must "provide the

members with instructions that focus[] their deliberations on .

. . the period not barred by the statute of limitations."  Id.

at 440.  Our opinion emphasized that:

> [t]he time to focus the members' attention on the
> correct time period was before they concluded their
> deliberations -- not after they concluded their
> deliberations and returned a finding that addressed a
> much longer span of time.  The failure to do so was
> not relieved by the military judge's subsequent
> reference to evidence in the record that could
> support the finding.  The issue here is not legal
> sufficiency of the evidence.  It is the failure of
> the military judge to focus the panel's deliberations
> on the narrower time period permitted by the statute
> of limitations.

Id. (internal citations omitted).

The same principles apply in the present case.  The issue

is not whether the record contains the bare minimum of evidence

that meets the legal sufficiency test under United States v.

Turner, 25 M.J. 324, 324-25 (C.M.A. 1987)(citing the legal

sufficiency test from Jackson v. Virginia, 443 U.S. 307, 319

(1979)), but whether the military judge properly instructed the

members regarding the statute of limitations.  Here, as in

12

Thompson, the military judge did not provide the instructions necessary "to focus the panel's deliberations on the narrower time period permitted by the statute of limitations." 59 M.J. at 440.

The issue in the present appeal is whether the corrective action taken by the convening authority cured any prejudice from the error. The period covered by Charge I and submitted to the panel extended for more than five years. As modified by the convening authority, the findings covered less than three months. See Table 1 supra. The period covered by Charge II, specification 1, and submitted to the panel encompassed eight years, and the convening authority revised this to cover only two years. Under Thompson, the convening authority's action in this case did not cure the prejudice from the military judge's failure to focus the attention of the members on the appropriate period of time under the circumstances of this case. See Kotteakos v. United States, 328 U.S. 750, 765 (1946). Accordingly, we shall set aside the affected findings and authorize a rehearing. See infra Part III.


## II. INDECENT ACTS

Appellant also challenges his conviction under Charge II, specification 5, for a violation of Article 134 by committing an

indecent act with JG "by giving him a pornographic magazine and by requesting that they masturbate together." According to Appellant, the conviction is defective on two grounds: first, that there was no active participation by JG; and second, that Appellant's activities were protected under the First Amendment to the Constitution. There are no statute of limitations issues concerning this conviction. We review constitutional and legal sufficiency claims de novo. Jacobellis v. Ohio, 378 U.S. 184, 190 (1964); Turner, 25 M.J. at 325.

## A. BACKGROUND

At trial, the prosecution introduced the following evidence through the testimony of JG, Appellant's brother-in-law. Appellant, who was visiting JG and his family, went to the movies with JG, who was then under eighteen years of age. After the movie, Appellant drove to an adult bookstore and purchased a pornographic magazine as a gift for JG. Upon returning to the car, Appellant placed the magazine in the backseat and told JG "Don't look at it now. Not now."

Appellant then parked the car behind a nearby grocery store, handed the magazine to JG, and suggested that the two of them masturbate together while looking at the magazine. According to JG:

> I don't recall exactly what he [Appellant] said, but he was -- I said, "We're going to look at this now in the back of

> this building?"  And he said, "Yes."  And it appeared as
> though he was beginning to -- was giving me the magazine
> and he said, "Well, it's all right.  Let's -- let's," I
> recall.  And I was still not understanding exactly what he
> was suggesting.  I asked, "Are you suggesting that we now
> look at this magazine and we masturbate behind this
> building?"  And he said, "Yes."

JG refused, left the car, and remained outside until Appellant dropped the subject.  Appellant then drove back to JG's house and gave JG the magazine.  JG did not mention this event to anyone at the time.  At trial, Appellant acknowledged that he thought JG was eighteen years of age and that he bought a pornographic magazine as a gift for JG, but he denied stopping at the grocery store or discussing masturbation with JG.

## B. DISCUSSION

The offense of committing indecent acts with another has three elements:  (1) that the accused committed a wrongful act with a certain person; (2) that the act was indecent; and (3) that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. Manual for Courts-Martial, United States (2002 ed.)(MCM), pt. IV, ¶ 90.b.  The determination of whether an act is indecent requires examination of all the circumstances, including the age of the victim, the nature of the request, the relationship of the parties, and the location of the intended act.  See

15

generally United States v. Brinson, 49 M.J. 360, 364 (C.A.A.F. 1998).  An act is indecent if it "signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations."  MCM, pt. IV, ¶ 90.c.  The military judge provided the members with appropriate instructions on these requirements.

In this appeal, Appellant contends that the evidence did not demonstrate the requisite commission of a wrongful act "with" another person.  See United States v. Thomas, 25 M.J. 75, 76 (C.M.A. 1987);  United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996); United States v. McDaniel, 39 M.J. 173 (C.M.A. 1994).

In the present case, we assess whether any reasonable factfinder could have found the essential elements beyond a reasonable doubt, considering the evidence in the light most favorable to the prosecution.  Turner, 25 M.J. at 324 (citing Jackson v. Virginia, 443 U.S. at 319).  In resolving this question, we are required to draw every reasonable inference from the record in favor of the prosecution.  United States v. Blocker, 32 M.J. 281, 284 (C.M.A. 1991).  In that context, the evidence shows that Appellant, while in the parking lot of a commercial establishment open to the public, gave a pornographic magazine to a person under eighteen years of age as part of a

plan or scheme to stimulate mutual masturbation.  A reasonable factfinder could conclude that such conduct amounted to the commission of a service-discrediting indecent act "with" another person in violation of Article 134.

With respect to the constitutional challenge, we note that the present case does not involve a simple exchange of constitutionally protected material, but instead involves a course of conduct designed to facilitate a sexual act in a public place.  Appellant has not specified the manner in which the charge violated the First Amendment, and he has cited no case for the theory that the conduct here is protected by the First Amendment.

In any case, even if his conduct were subject to the heightened standard of review applicable to First Amendment claims in civilian society, the armed forces may prohibit service-discrediting conduct under Article 134 so long as there is a reasonable basis for the military regulation of Appellant's conduct.  See Parker v. Levy, 417 U.S. 733, 743-52 (1974).  The military has a legitimate interest in deterring and punishing sexual exploitation of young persons by members of the armed forces because such conduct can be prejudicial to good order and discipline, service discrediting, or both.  Accordingly, Appellant had no right under the First Amendment to exchange

pornographic materials with a young person as part of a plan or scheme to stimulate a sexual act in a public place.

## III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is reversed with respect to Charge I and its specification, and specification 1 of Charge II, and the guilty findings to those offenses are set aside. The decision of the Court of Criminal Appeals as to the remaining offenses is affirmed, and the sentence is set aside. The record is returned to the Judge Advocate General of the Air Force, and a rehearing is authorized.