UNITED STATES

v.

**Staff Sergeant Joseph M. BURKHART,
United States Air Force**

**ACM 37668**

U.S. Air Force Court of Criminal Appeals

09 April 2013

Sentence adjudged 14 January 2010 by
GCM convened at Elmendorf Air
Force Base, Alaska.

Military Judge: David S. Castro (sitting alone).

Appellate Counsel for the Appellant: Lieutenant Colonel Gail E. Crawford; Lieutenant Colonel Darrin K. Johns; and Major Andrew J. Unsicker.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Linell A. Lentendre; Major Megan E. Middleton; and Gerald R. Bruce, Esquire.

Before ROAN, MARKSTEINER, and HECKER Appellate Military Judges

## OPINION OF THE COURT

HECKER, Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, contrary to his pleas, of indecent liberty with a child, by engaging in indecent conduct on divers occasions in the physical presence of a child, in violation of Article 120, UCMJ, 10 U.S.C. § 920 and, pursuant to his pleas, of wrongfully and knowingly possessing video files of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged sentence consisted of a dishonorable discharge, confinement for 32 months, and reduction to the grade of E–1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 32 months, and reduction to the grade of E–1.

On appeal, the appellant asserts the evidence is factually and legally insufficient to support the charge of "indecent liberty with a child." We agree the evidence is legally insufficient to support that charge, but nonetheless affirm a finding of guilty to a lesser included offense (LIO) of indecent act and reassess the sentence.

### Background

While the appellant was at work in the late evening of 16 January 2009, his wife alerted military authorities that she had discovered child pornography on his laptop computer in their on-base residence. The next morning, the appellant was interviewed by agents from the Air Force Office of Special Investigations (AFOSI) and, according to the agent who testified at trial, was cooperative and forthcoming.

Under rights advisement, the appellant admitted that in the preceding several months, he viewed approximately 100 photographic images and video-recordings of child pornography after finding them on the Internet with the assistance of a file sharing program he initially used to search for adult pornography. He knowingly saved 10–20 of the child pornography recordings onto his personal laptop computer. The appellant admitted to masturbating while watching the child pornography recordings on approximately ten occasions during this time frame.

The appellant also told AFOSI agents that, on the afternoon of 16 January 2009, he was sitting on his couch chatting on the Internet with an unidentified individual while masturbating. Meanwhile, his three-year-old daughter was asleep on the other end of the couch, approximately two to three feet away from him. In fact, he admitted to masturbating on the couch while his daughter slept nearby on three previous occasions during the prior week. On each of these occasions, the appellant placed his laptop on the coffee table in front of the couch where he could see it as he masturbated. No evidence was provided regarding what was on the screen during these incidents, although a computer forensic investigator testified certain video-recordings containing child pornography had been accessed on the appellant's laptop computer during the week before his AFOSI interview, including on the afternoon of this incident.

The appellant stated that, while he was masturbating on 16 January 2009, his daughter woke up and walked around the coffee table towards him. The appellant told her to leave the room and pushed her away until she went into another room. He then continued to masturbate until he ejaculated. Although the appellant did not specifically say he stopped masturbating when his daughter awoke, the impression of the AFOSI agent, based on the context of the interview, was the appellant stopped his activity until she was in the other room.[1]

Based on the three or four instances where the appellant masturbated on the couch while his daughter was sleeping nearby, the Government charged him with a violation of Article 120(j), UCMJ. The specification alleged the appellant did "on divers occasions between on or about 1 December 2008 and on or about 17 January 2009, engage in indecent conduct in the physical presence of [his daughter], a female under 16 years of age, by masturbating, with the intent to gratify [his] sexual desire."

### Indecent Liberties

 Article 66(c), UCMJ, 10 U.S.C. § 866(c), requires that we approve only those findings of guilty we determine to be correct in both law and fact. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency of the evidence is "whether, considering

---

1. The appellant admitted to the agent that his daughter had, on several other occasions, walked into the kitchen and master bedroom while he was masturbating. Although the Government did not consider any of these incidents to be charged within the specification, the Government offered this evidence "in terms of lack of mistake" and as circumstantial evidence showing the appellant was doing the activity with the intent to sexually gratify himself by having his daughter present. The military judge advised the trial counsel he would not consider instances where the appellant was in his bedroom relevant for any purpose unless the Government presented evidence he had planned for his daughter to walk in on him. No such evidence was presented.

the evidence in the light most favorable to the prosecution, a reasonable fact finder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Moreover, "[i]n resolving legal sufficiency questions, [we are] bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A. 1991). *See also United States v. Young*, 64 M.J. 404, 407 (C.A.A.F. 2007). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. Review of the evidence is limited to the entire record, which includes only the evidence admitted at trial and exposed to the crucible of cross-examination. Article 66(c), UCMJ; *United States v. Bethea*, 46 C.M.R. 223, 224–25 (C.M.A. 1973).

At the time of the appellant's trial, a military member would be guilty of the offense of indecent liberty if he "engages in indecent liberty in the physical presence of a child [ ] with the intent to arouse, appeal to, or gratify the sexual desire of any person; or [ ] with the intent to abuse, humiliate, or degrade any person." Article 120(j), UCMJ. "The term 'indecent liberty' means indecent conduct, but physical contact is not required. It includes one who with the requisite intent exposes one's genitalia ... to a child.... If ... a child is exposed to or involved in sexual conduct, it is an indecent liberty; the child's consent is not relevant." Article 120(t)(11), UCMJ. "The term 'indecent conduct' means that form of immorality relating to sexual impurity that is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." Article 120(t)(12), UCMJ. Using the elements formulated by the President for this offense, the Government alleged that: (1) the appellant committed a certain act (masturbation); (2) the act was "indecent"; (3) the appellant committed the act in the physical presence of a child (his daughter); (4) the child was under 16 years of age; and (5) the appellant committed the act with the intent to ... gratify his sexual desires.

It is undisputed that the appellant made no contact with his daughter while he was masturbating on their living room couch. On all but one of those occasions, his daughter was asleep throughout the conduct and thus unaware of what he was doing. Although she woke up during the 16 January 2009 incident, no evidence was presented that she saw him masturbating or that he continued the conduct after she was awake. No evidence was presented regarding how or whether the appellant's genitals were physically exposed during any of this conduct. Similarly, no evidence was presented that his daughter ever saw the appellant's genitals or saw him engaging in masturbation during any of these incidents. There was no evidence presented that he looked at or thought about his daughter while he was masturbating, or that he wanted his daughter to see him engaging in this sexual activity. No evidence was presented that the appellant ever did anything inappropriate towards or with his daughter, or that she saw anything on his computer screen.

■ The nature of the "physical presence" required for the completed offense of indecent liberty with a child under Article 120(j), UCMJ, is a threshold question here. *See United States v. Miller*, 67 M.J. 87, 89 (C.A.A.F. 2008). We find that, in order to sustain a charge of indecent liberty under Article 120(j), UCMJ, the child must have at least some awareness the accused is in her physical presence. This conclusion is supported by the intent behind the criminalization of this conduct, the statutory definition of the offense, and the case law interpreting the requirement of "presence" for the offense of indecent liberty.

The concept of engaging in "indecent liberties" with a child became an offense in the military justice system more than 60 years ago. The offense was created to criminalize a range of sexual misconduct "practiced on minors or committed in their presence" in order "to throw a cloak around minors and to

discourage sexual deviates from performing with, or before them," and provides "substantial punishment for those who perform indecent and immoral acts which cause shame, embarrassment, and humiliation to children, or lead them further down the road to delinquency." *United States v. Brown*, 13 C.M.R. 10, 13, 17 (C.M.A. 1953). This "protect[s] children under a certain age from those acts which have a tendency to corrupt their morals." *United States v. Scott*, 21 M.J. 345, 348 (C.M.A. 1986) (citing *Brown*, 13 C.M.R. at 13); *United States v. Orben*, 28 M.J. 172, 175 (C.M.A. 1989) ("Children are entitled to develop without premature exposure to materials which arouse their sexual passions."). "[I]njury to the child and the consequential damage to society" can occur when a "depraved act" is performed in her presence, even if no physical contact with the child occurs. *Brown*, 13 C.M.R. at 13.

In order to effectuate these goals, our superior court required the conduct of the accused to "be practiced on minors or committed in their presence" to sustain an indecent liberty charge.[2] *See Brown*, 13 C.M.R. at 12–13, 16. The Court further elaborated on the nature of this requirement in *United States v. Knowles*, 35 C.M.R. 376 (C.M.A. 1965), by noting "conjunction of the several senses of the victim with those of the accused" must occur, and thus telephonic communication with the victim is insufficient. *Id.* at 378. Proof the accused committed his conduct in the "physical presence" of a child

was therefore added to the *Manual for Courts–Martial, United States* (*MCM*), 1969 (Revised ed.), and remained unchanged despite other changes to the primary offense.[3] At the time of the appellant's court-martial, the title of the offense was "indecent liberty **with** a child," and the statutory definition of "indecent liberty" indicated a requirement that the child be aware of the conduct.

The applicable version of the charged UCMJ offense states an indecent liberty occurs if "a child is exposed to or involved in sexual conduct." Article 120t(11), UCMJ. That same definition indicates one can be guilty of "indecent liberty if "one ... exposes one's genitalia **to a child**" or if "words designed to excite sexual desire are spoken **to a child**." *Id.* (emphasis added). The term "expose" means "to show publicly; to display; to offer to the public view." *Black's Law Dictionary* 520 (8th ed. 2004). For the genitals to be "exposed **to a child**," they must be shown or displayed to a child capable of observing them. Similarly, for a child to be "exposed to or involved in sexual conduct," the child must be aware the conduct is occurring.

Language from our superior court's decisions also indicate the child must be aware of the accused's conduct. It has defined "presence," for purposes of an indecent liberty occurring in the "presence of a child," as " '[t]he state or fact of being in a particular place and time' and '[c]lose physical proximi-

---

2. The *Manual for Courts–Martial, United States* (*MCM*), 1951, had not used the word "presence," but it did define "indecent acts with a child under the age of 16 years" to include "taking any immoral, improper, or indecent liberties **with**... any child of either sex under the age of 16 years with the intent of arousing, appealing to, or gratifying the lust or passions **or** sexual desires, either of the person committing the act, or of the child, or of both." *MCM*, ch. XXVIII, ¶ 213.d.(3) (emphasis added).

3. In response to the decision in *United States v. Knowles*, 35 C.M.R. 376 (C.M.A. 1965), when promulgating the 1969 *Manual*, the President revised the explanation section to include the judicially-created requirement that "the liberties must be taken in the physical presence of the child." *MCM*, ch. XXVIII, ¶ 213.f.(3), 1969 (Revised ed.). *See* Department of the Army Pamphlet 27–2, *Analysis of Contents Manual for Courts–Martial, United States 1969, Revised Edi-*

tion, ¶ 28–19 (July 1970). The President also amended the elements of the offense to specifically require proof "the accused committed the act in the presence of" a person under 16 years of age. *United States v. Miller*, 67 M.J. 87, 89 (C.A.A.F. 2008). This remained unchanged until 2007, when Congress replaced the Article 134, UCMJ, offense of "indecent acts or liberties with a child" with an enumerated offense under Article 120(j), UCMJ, and specifically included a statutory requirement that the indecent liberty be "in the physical presence of a child." The appellant was charged under this Article 120(j), UCMJ, offense. Notably, in the most recent revisions to Article 120, UCMJ, Congress moved away from the phrase "indecent liberty" and created the offense of "sexual abuse of a child," which covers any "indecent conduct, intentionally done with *or in the presence of a child*," pursuant to Article 120b(c) and (h)(5)(D), UCMJ (emphasis added).

ty **coupled with awareness.'"** *Miller*, 67 M.J. at 90 (quoting *Black's Law Dictionary* 1221 (8th ed. 2004)) (emphasis added). Based on this requirement, an individual who masturbates while a child watches over a web camera is not in the "physical presence" of that child and cannot be convicted of indecent liberties. *Id.* at 90–91. *See also United States v. Owens*, 66 M.J. 495 (C.A.A.F. 2008) (mem.) (finding evidence legally insufficient for taking indecent liberties where the accused, with the intent to gratify his lust, watched through a bathroom window as a child showered, as there was no evidence he "engaged in his misconduct with the victim"); *Scott*, 21 M.J. at 348–49 (noting the "impact on the victim" from an indecent liberty); *United States v. Rodriguez–Rivera*, 63 M.J. 372, 385 (C.A.A.F. 2006) (finding evidence legally insufficient for taking indecent liberties with a child where she watched pornographic movies the accused provided her but outside his presence).

When considering the purpose behind criminalizing indecent liberties (protection of the child's morals, prevention of premature exposure to sexual matters, prevention of injury to the child) and being in a child's "physical presence" requires both close physical proximity and awareness, no reasonable factfinder could conclude the appellant's actions constituted an indecent liberty with his daughter. This child was in close physical proximity to the appellant but that proximity was not "coupled with" the necessary "awareness" to be "present" for purposes of being subjected to an indecent liberty, as she was asleep for three of the incidents and was unaware of his conduct when she awoke on the fourth occasion. Her senses were not conjoined with those of the appellant when, like the showering child in *Owens*, she was oblivious to the appellant's presence and actions. We conclude the evidence is legally insufficient to sustain the appellant's conviction for indecent liberty with a child.

*Indecent Act under Article 120(k), UCMJ*

 When a finding of guilty to a charged offense is set aside on appeal, appellate courts have the power to nonetheless affirm a finding of guilty to a LIO if such lesser offense is supported by the evidence of record and the appellant received fair notice of that offense. Article 59(b), UCMJ, 10 U.S.C. § 859(b); *Miller*, 67 M.J. at 91; *United States v. Augustine*, 53 M.J. 95, 96 (C.A.A.F. 2000). An accused's due process right to fair notice of an offense and legal theory can be met by an LIO that "is a subset of the greater offense alleged," meaning all the elements of the purported LIO are also elements of the charged offense. *United States v. Jones*, 68 M.J. 465, 468–70 (C.A.A.F. 2010) (citation omitted); *United States v. McMurrin*, 70 M.J. 15, 18–19 (C.A.A.F. 2011). A military member can be convicted of an uncharged LIO "precisely because [he is] deemed to have notice" of that offense when all the elements of the purported LIO would necessarily be established by proving the elements of the charged offense. *Jones*, 68 M.J. at 468, 470 (citation omitted); *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010).

An indecent act occurs when "[a]ny person ... engages in indecent conduct." Article 120(k), UCMJ. At the time of the appellant's misconduct, the elements for an indecent act were: "(a) [t]hat the accused engaged in certain conduct; and (b) [t]hat conduct was indecent conduct." *MCM*, Part IV, ¶ 45.-b.(11) (2008 ed.). Both of these elements are also elements of the charged offense of indecent liberty. Therefore, we find the offense of indecent act to be an LIO under the elements test. We also note that, while not binding authority, it was listed as an LIO in the *Manual* that was in effect at the time of the appellant's court-martial. *Id.*; *Jones*, 68 M.J. at 471. We thus find the appellant received the constitutionally-required notice that he had to defend against the elements of both the greater and lesser offenses.

Unlike indecent liberty, the offense of indecent act under Article 120(k), UCMJ, does not contain a "physical presence" element. *Miller*, 67 M.J. at 91. It also does not require the conduct be performed "with another" person.[4] Thus, an accused can be

---

4. Prior to 2007, the charge of "indecent act" was found in Article 134, UCMJ, 10 U.S.C. § 934,

and was entitled "indecent act with another." One of the elements of the Article 134, UCMJ,

found guilty of an indecent act pursuant to Article 120(k), UCMJ, so long as he engages in conduct that is indecent as described in the elements and definitions of that offense. An accused's guilt will turn on whether the act is indecent when considered in context with the circumstances surrounding it. *United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993); *United States v. Rollins*, 61 M.J. 338, 344 (C.A.A.F. 2005). This determination is fact- and case-specific, as a particular act may be innocent under some circumstances yet violate the law under others. *United States v. Sever*, 39 M.J. 1 (C.M.A. 1994); *United States v. French*, 31 M.J. 57, 59 (C.M.A. 1990); *United States v. Wilson*, 13 M.J. 247, 250 (C.M.A. 1982). The definition of indecency requires consideration of both the circumstances of the act itself and societal standards of common propriety. *French*, 31 M.J. at 59.

Indecent conduct, in relevant part, is defined as "that form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." Article 120(t)(12), UCMJ. Lawful sexual activity can be "indecent" if committed in public or in an "open and notorious" manner, meaning it occurs under circumstances where it is "reasonably likely" to be seen by another person or where the actor knows another person is present, even though the other person did not actually observe the act. *United States v. Izquierdo*, 51 M.J. 421, 423 (C.A.A.F. 1999); *United States v. Sims*, 57 M.J. 419, 421–22 (C.A.A.F. 2002).

We find the appellant's conduct of masturbating while only a few feet away from his sleeping three-year-old child with his attention focused on watching some type of activity on his computer is "indecent conduct." The appellant chose to masturbate while near his daughter, instead of going into another room in his home. He obviously knew she was present and, under the circumstances, it was reasonably likely his daughter could awaken and see his activity. On one occasion, she did wake up, although there is no evidence she witnessed his actions. Regardless, there was a reasonable likelihood she could have.

Accordingly, although we set aside the appellant's conviction for the offense of indecent liberty, in violation of Article 120(j), UCMJ, we affirm a conviction for the lesser included offense of indecent act, in violation of Article 120(k), UCMJ.

*Sentence Reassessment*

 Based upon our modified findings, we must analyze the case to determine whether we can reassess the sentence. *See United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002). Before reassessing a sentence, this Court must "determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). A "dramatic change in the 'penalty landscape'" gravitates away from our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). If we cannot determine that the sentence

---

offense was "that the accused committed a certain wrongful act **with a certain person**." *MCM*, Part IV, ¶ 90.b(1)-(2) (2005 ed.) (emphasis added). This required the wrongful act be "done in conjunction or participating with another person" and be an "affirmative interaction" with the victim being more than an inadvertent or passive observer. *Miller*, 67 M.J. at 91; (quoting *United States v. McDaniel*, 39 M.J. 173, 175 (C.M.A. 1994)); *see also United States v. Thomas*, 25 M.J. 75, 76 (C.M.A. 1987); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). That Article 134, UCMJ, offense was "replaced in its entirety by [the] new offense [of indecent act]" found in Article 120(k), UCMJ. Drafter's Analysis, *MCM*,

A23–15 (2008 ed.). This new enumerated offense did not include the language "with another" in its title or definition, nor a Presidentially-promulgated element requiring that the indecent conduct be committed with another person. As such, we find the appellant can be found guilty of an indecent act under Article 120(k) even if there is no victim "participation" or "interaction." (The National Defense Authorization Act for Fiscal Year 2012 has since repealed Article 120(k), UCMJ, replacing it with Article 120c, UCMJ, for offenses committed on or after June 28, 2012. Pub. L. No. 112–81, § 541(a)(6) and (f), 125 Stat. 1298 (2011).)

would have been at least of a certain magnitude, we must order a rehearing. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citing *United States v. Poole*, 26 M.J. 272, 274 (C.M.A. 1988)).

■ In this case, our action reduces the maximum permissible sentence that the appellant faced from 25 years to 15 years of confinement. All other aspects of the maximum permissible sentence remain the same. We also note our dismissal of the greater charge does not impact the admissibility of any of the evidence or aggravation surrounding the offense involving his daughter, and he remains convicted of possessing multiple video-recordings containing child pornography. Therefore, the only change in the sentencing landscape is the reduction in the maximum permissible sentence.

Considering the evidence of record, we are satisfied beyond a reasonable doubt that, had the appellant been found guilty at trial of the LIO of indecent act and the offense of possessing child pornography, the military judge would still have adjudged a sentence no less than that originally adjudged. We reassess the sentence accordingly. We also find, after considering the appellant's character, the nature and seriousness of the offenses, and the entire record, that the reassessed sentence is appropriate.

*Conclusion*

The modified findings and the reassessed sentence are correct in law and fact, and no other error prejudicial to the substantial rights of the appellant remains.[5] Articles 59(a) and 66(c), UCMJ. Accordingly, the findings, as modified, and the sentence, as reassessed, are

AFFIRMED.

---

**5.** Though not raised as an issue on appeal, we note the overall delay of more than 540 days between the time of docketing and review by this Court is facially unreasonable. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, we find the appellate delay in this case was harmless beyond a reasonable doubt. *Id.* at 135–36 (reviewing claims of post-trial and appellate delay using the four-factor analysis found in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). *See also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002).