# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ORVAL W. GOULD, JR.**
**United States Army, Appellee**

ARMY 20120727

Headquarters, 3d Infantry Division and Fort Stewart (convened)
Headquarters, Fort Stewart (action)
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Kent Herring, Acting Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter E. Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

16 September 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of indecent liberty with a child and production of child pornography in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 934 (2006 & Supp. IV 2011).  The convening authority approved the adjudged sentence of a bad-conduct discharge, three years confinement, and reduction to the grade of E-1.  Appellant was credited with two days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns two errors asserting the evidence is insufficient to support each conviction,

GOULD — ARMY 20120727

respectively, and raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[*]

We agree with appellant that the evidence is factually insufficient to support his conviction for indecent liberty with a child. *See generally United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The government did not prove that the child, KO, was aware of the indecent act alleged sufficient to establish the offense of indecent liberty with a child as contemplated under Article 120(j), UCMJ. *See United States v. Burkhart*, 72 M.J. 590, 594 (A.F. Ct. Crim. App. 2013) ("[F]or a child to be 'exposed to or involved in sexual conduct [under Article 120(j)],' the child must be aware the conduct is occurring." (quoting Article 120(t)(11), UCMJ)); *see also United States v. Miller*, 67 M.J. 87 (C.A.A.F. 2008); *United States v. Knowles*, 15 U.S.C.M.A. 404, 35 C.M.R. 376 (1965). However, the evidence was sufficient to establish that appellant committed the lesser-included offense of indecent act under Article 120(k), UCMJ. *See Burkhart*, 72 M.J. at 595-96.

We do find the evidence legally and factually sufficient to support appellant's conviction for production of child pornography. *See generally Washington*, 57 M.J. at 399. The military judge properly considered relevant factors when reviewing the totality of circumstances necessary to adjudge whether the four photographs at issue constitute a lascivious exhibition of the genitals or pubic area required to resolve whether the images constitute child pornography. *See United States v. Blouin*, 73 M.J. 694 (Army Ct. Crim. App. 2014). Our own review of the evidence independently convinces us of the sufficiency of the evidence in this regard and that each of the four photographs depicts KO as alleged. *See id.*

Therefore, we affirm only so much of Specification 4 of Charge I as provides that appellant committed the lesser-included offense of indecent act in violation of Article 120(k), UCMJ. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted and the entire record, we are confident appellant would have received a sentence at least as severe as that adjudged despite the erroneous conviction of indecent liberty. *See United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge PENLAND concur.

---

[*] We hold appellant's assertions pursuant to *Grostefon* are without merit.

2



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court